**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MAKAYLAH C. PLOWDEN,

              Plaintiff,

    -v-

CAPITAL ONE, N.A., EQUIFAX
INFORMATION SERVICES L.L.C., and
TRANSUNION INTERACTIVE, INC.

           Defendants.

Civil Action No.:

---

**DEFENDANT CAPITAL ONE N.A'S**
**NOTICE OF REMOVAL**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Capital One, N.A. ("Defendant" or
"Capital One"), by counsel, hereby removes this civil action, pending in the Supreme Court of the
State of New York, County of Bronx, Index Number 809881/2024E (the "State Court Action"), to
the United States District Court for the Southern District of New York.  Removal is proper because
this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See*
28 U.S.C. § 1331. Accordingly, Capital One removes this action to this Court, and in support
thereof, states the following:

**I. BACKGROUND**

1.    Plaintiff Makaylah C. Plowden ("Plaintiff") commenced the State Court Action
against Capital One by filing a Complaint in the Supreme Court of the State of New York, County
of Bronx, on June 19, 2024 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of all

process pleadings, and orders served on Capital One in the State Court Action are attached hereto as **<u>Exhibit A</u>**.

    2.      On July 2, 2024 Capital One's registered agent was served with the Summons and Complaint by regular mail in in Virginia.

    3.      This Notice of Removal is being filed within thirty days of service of the Complaint. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

    4.      The above-captioned action is a suit for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## II. <u>FEDERAL QUESTION JURISDICTION</u>

    5.      This Court has original jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

    6.      Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

    7.      In her Complaint, Plaintiff alleges Capital One "negligently or willfully violated 1681s-2(b)(1)(A) by negligently or willfully failing to conduct a reasonable investigation" and "violated Subsection 1681s-2(b)(1)(D) by negligently or willfully reporting its information about Ms. Plowden to a consumer reporting agency without notating that Ms. Plowden is disputing that information." *See* **Ex. A** at ⁋⁋ 23, 25.

    8.      Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed

issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the FCRA.

9.      Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

## III. VENUE

10.      Venue is proper in this Court because this district and division encompass the Supreme Court of the State of New York, County of Bronx, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

## IV. NOTICE

11.      Concurrent with the filing of this Notice, Capital One will file a Notice of Filing of Notice of Removal with the Supreme Court of the State of New York, County of Bronx, a copy of which is attached hereto as **Exhibit B**.

12.      Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. §1446(a).

## V. CONSENT

13. Counsel for Capital One conferred with counsel for Equifax Information Services L.L.C. ("Equifax"), and Transunion Interactive, INC. ("TransUnion), Eqiufax and TransUnion consent to the relief requested herein.

WHEREFORE, Capital One hereby removes this action to this Court.


Dated: August 1, 2024                         By: */s/ Stefanie Cerrone*
New York, New York                          Stefanie A. Cerrone
                                                      TROUTMAN PEPPER
                                                      HAMILTON SANDERS LLP
                                                      875 Third Avenue
                                                      New York, New York 10022
                                                      Telephone: (212) 704-6221

Email: stefanie.cerrone@troutman.com

*Attorney for Defendant*
*Capital One, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of August 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and sent, via FedEx Overnight Mail, to the following counsel of record. Service of the foregoing was within the time prescribed by the Rules of the Court.

Paul Camarena
540 Court St., No. 4015
Brooklyn,  New York 11231
*Attorney for Plaintiff*

Equifax Information Services L.L.C.
c/o registered agent Corporation Ser. Co
80 State Street
Albany, NY 12207

TransUnion Interactive, Inc.
c/o registered agent Corporation Serv.Co.
80 State Street
Albany, NY 12207

*/s/ Stefanie A. Cerrone*

4508