# EXHIBIT A



# Notice of Service of Process

**MDM / ALL**
**Transmittal Number: 29423195**
**Date Processed: 07/02/2024**

| | |
|---|---|
| **Primary Contact:** | Tonya Edwards<br>Capital One Services - Business License<br>15000 Capital One Dr<br>Richmond, VA 23238-1119 |

| | |
|---|---|
| **Entity:** | Capital One, National Association<br>Entity ID Number  2431664 |
| **Entity Served:** | Capital One, N.A. |
| **Title of Action:** | Makaylah C Plowden vs. Capital One, N.A. |
| **Matter Name/ID:** | Makaylah C Plowden vs. Capital One, N.A. (15932463) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Bronx County Supreme Court, NY |
| **Case/Reference No:** | 809881/2024E |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 07/02/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Paul Camarena, Esq.<br>312-493-7494 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Attorney P. Camarena
210 S Patrick
Alexandria VA 22314



0009822650000011
Capital One, N.A.
c/o registered agent
Corporation Service Company
100 Shockoe Slip Fl 2
Richmond VA 23219
USA

FILED: BRONX COUNTY CLERK 06/19/2024 10:24 AM

NYSCEF DOC. NO. 1

INDEX NO. 809881/2024E

RECEIVED NYSCEF: 06/19/2024

**SUPREME COURT**
**OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

|  |  |
|---|---|
| *MAKAYLAH C. PLOWDEN,* <br>    Plaintiff, <br><br> *v.* <br><br> *CAPITAL ONE, N.A.,* <br> *EQUIFAX INFORMATION SERVICES L.L.C.,* <br> *and TRANSUNION INTERACTIVE, INC.,* <br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Index Number _____

*Summons*

Date Index Number Purchased: <u>June 19, 2024</u>

To the above named Defendants:

| Capital One, N.A. | Equifax Information Services L.L.C. | TransUnion Interactive, Inc. |
|---|---|---|
| c/o Registered Agent Corp. Serv. Co. | c/o registered agent Corporation Ser. Co. | c/o registered agent Corporation Serv.Co. |
| 100 Shockoe Slip Fl 2 | 80 State Street | 80 State Street |
| Richmond, VA, 23219 | Albany, NY 12207 | Albany, NY 12207 |

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is    <u>Civil Practice Law & Rules Section 503(a),</u>
which <u>is the county in which Plaintiff resided when the lawsuit was commenced.</u>

Dated: <u>June 19, 2024</u>

Paúl Camarena, Esq.
by: *Paúl Camarena*

Paúl Camarena
Paúl Camarena, Esq.,
540 Court St., No. 4015
Brooklyn, NY 11231
NY Atty No: 3991981

(312) 493-7494 / paulcamarena@paulcamarena.com

FILED: BRONX COUNTY CLERK 06/19/2024 10:24 AM
NYSCEF DOC. NO. 1

INDEX NO. 809881/2024E
RECEIVED NYSCEF: 06/19/2024

## IN THE SUPREME COURT
## OF THE STATE OF NEW YORK
## COUNTY OF BRONX

| | |
|---|---|
| *MAKAYLAH C. PLOWDEN,* <br> Plaintiff, | ) <br> ) <br> ) |
| *v.* | ) <br> ) |
| *CAPITAL ONE, N.A.,* <br> *EQUIFAX INFORMATION SERVICES L.L.C.,* <br> *and TRANSUNION INTERACTIVE, INC.,* <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT

Plaintiff Makaylah Plowden, by her counsel Paúl Camarena, respectfully complains as follows:

### Introduction.

1)      The United States Fair Credit Reporting Act and its progeny provide that, when a consumer disputes information that a furnisher of credit information is reporting to a consumer reporting agency, the furnisher must reasonably investigate that information and the consumer reporting agency must reasonably re-investigate that same information.  In the instant case, Plaintiff Ms. Plowden disputed information reported by Defendant Furnisher Capital One. However, Defendant Furnisher Capital One failed to reasonably investigate its own reported information, and Defendant Consumer Reporting Agencies Equifax and TransUnion also failed to reasonably re-investigate that same information.

2)      Defendant Furnisher Capital One's reporting about Ms. Plowden was inaccurate and Defendant CRAs Equifax and TransUnion included that inaccurate information on their reports. Nevertheless, regardless of whether any Defendant's reporting would have been inaccurate, each Defendant's failure to reasonably investigate or re-investigate was *per se* a violation of the U.S.

FILED: BRONX COUNTY CLERK 06/19/2024 10:24 AM

NYSCEF DOC. NO. 1

INDEX NO. 809881/2024E

RECEIVED NYSCEF: 06/19/2024

Fair Credit Reporting Act. *Spokeo v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1550 (2016) ("**A violation** of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate.") (emphasis added) (dismissing FCRA claim because the FCRA violation did not result in any harm or a case or controversy as required by Article III of the U.S. Constitution). Moreover, "the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute." *Asarco v. Kadish*, 490 U.S. 605, 617 (1989).

### Constitutional and Statutory Jurisdiction.

3)      The FCRA, at 15 U.S.C. §§ 1681n and o, states that "[a]ny person who is negligent in failing to comply" or "who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer." The FCRA, at 15 U.S.C. § 1681p, further states that an "action to enforce any liability created under this subchapter may be brought in any appropriate United States district court ... or in any other court of competent jurisdiction."

4)      However, the instant complaint may not appropriately be brought in a United States district court because the instant complaint does not allege the particular type of injury required by Article III of the U.S. Constitution. *George v. Credit Corporation*, 22-5512 (E.D.N.Y. August 24, 2023) (holding that, "[b]ecause Plaintiff has not alleged a concrete injury, she lacks Article III standing to sue in federal court, [the United States district c]ourt lacks subject matter jurisdiction ... and [the district court] must remand the case" back to New York State Supreme

FILED: BRONX COUNTY CLERK 06/19/2024 10:24 AM

NYSCEF DOC. NO. 1

INDEX NO. 809881/2024E

RECEIVED NYSCEF: 06/19/2024

Court) (denying Plaintiff's motion for attorney fees for litigating remand/removal only because "standing jurisprudence in this District and the Second Circuit [wa]s still evolving" at that time) (citations omitted).

5) Nevertheless, the N.Y. Constitution, Article VI, Section 7a. states that the "supreme court shall have general original jurisdiction in law and equity." Thus, this Honorable Court does have Constitutional and statutory jurisdiction over this action.

## Venue.

6) N.Y. C.P.L.R. § 503(a) states that "the place of trial shall be in the county in which one of the parties resided when it was commenced." In the instant case, Plaintiff Ms. Plowden resides in Bronx County and, thus, this Court is the proper venue for this action.

## Parties.

7) Plaintiff Ms. Plowden is a natural person and, thus, is a "consumer" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(c).

8) Defendant Capital One is a furnisher of information to a consumer reporting agency and, thus pursuant to the FCRA at 15 U.S.C § 1681s-2(b)(1)(A), Defendant Capital One was required to "conduct an investigation with respect to the disputed information."

9) Defendant Equifax regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

10) Defendant TransUnion regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

FILED: BRONX COUNTY CLERK 06/19/2024 10:24 AM

NYSCEF DOC. NO. 1

INDEX NO. 809881/2024E

RECEIVED NYSCEF: 06/19/2024

## Factual Allegations.

### Defendant Furnisher Capital One and Defendant Consumer Reporting Agency Equifax.

11)    In 2022, Ms. Plowden obtained a loan from Capital One and she made payments towards that loan balance until at least Spring 2024.

12)    However, Capital One is inaccurately reporting to Equifax that Ms. Plowden stopped making payments in February 2024. More specifically, Capital One is inaccurately reporting that Ms. Plowden's "Date of Last Payment" was in February 2024, and Capital One's inaccurate reporting is being parroted in Equifax's consumer report on Ms. Plowden.

13)    Ms. Plowden responded to Capital One's inaccurate reporting by disputing that information with Equifax, and Ms. Plowden's dispute specifically explained that Capital One's "[r]eporting that [the] Date of Last Payment was in Feb 2024 is inaccurate because [the] actual Date of Last Payment was later than Feb 2024." Ms. Plowden's dispute also listed her telephone number and email address and requested Capital One and Equifax to contact her to investigate her dispute.

14)    Upon information and belief, Equifax forwarded Ms. Plowden's dispute to Capital One, and Capital One received Ms. Plowden's dispute.

15)    However, Defendants Capital One and Equifax never contacted Ms. Plowden to investigate her dispute; Defendants Capital One and Equifax failed to reasonably investigate and re-investigate Ms. Plowden's dispute; and Defendant Capital One continues to report its inaccurate information about Ms. Plowden to Defendant Equifax, which continues to include that same inaccurate information about Ms. Plowden in its consumer report on her.

FILED: BRONX COUNTY CLERK 06/19/2024 10:24 AM    INDEX NO. 809881/2024E

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 06/19/2024

16)    Defendant Capital One also failed to comply with its statutory obligations by failing to report to Defendant Equifax that Defendant Capital One's reported information about Ms. Plowden is disputed by her.

17)    Defendant Capital One's "decision to report the debt but not the dispute resulted in a much lower credit score" because "when a furnisher responds to a [credit reporting agency's] dispute verification form and relates an ongoing dispute, [the credit reporting agency] records the dispute in the credit report and does not include the derogatory information in assessing the credit score." *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 146 – 150 (4th Cir. 2008). "Put simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score." *Evans v. Portfolio Recovery*, 889 F.3d 337, 349 (7th Cir. 2018).

18)    Also, although the FCRA, at Section 1681i(a)(1)(A), specifically provides that "if the completeness or accuracy of any item ... is disputed by the consumer ... the agency shall ... record the current status of the disputed information, or delete the item" (emphasis added), Defendant Equifax also failed to report that Capital One's reported information about Ms. Plowden is disputed by her.

### Defendant Consumer Reporting Agency TransUnion.

19)    Capital One reported to Equifax that Ms. Plowden's payments had become past due beginning in December 2022 and that her payments were past due 60 days in February 2023. However, Capital One also reported to TransUnion that Ms. Plowden's payments had not become past due until January 2023 and that her payments were past due 30 days in February 2023. Thus, Capital One conveyed to TransUnion that Ms. Plowden's payments had became past due more recently; Capital One's reporting was parroted in TransUnion's consumer report on Ms.

FILED: BRONX COUNTY CLERK 06/19/2024 10:24 AM    INDEX NO. 809881/2024E
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 06/19/2024

Plowden; and Capital One and TransUnion caused Ms. Plowden's credit score to improperly further decrease. *In re Anzaldo*, 612 B.R. 205, 212 (Bankr. S.D. Cal. 2020) ("reporting newer negative late payment information would lower the consumer's credit score"); *Toliver v. Experian*, 973 F. Supp. 2d 707, 722, FN78 (S.D. Tex. 2013) ("a more recent date in this entry will have a greater negative impact on a consumer's credit score").

20)    Ms. Plowden responded to TransUnion's inaccurate reporting by mailing disputes to TransUnion in April 2024 and again in May 2024 and, in Ms. Plowden's disputes, she repeatedly protested that "TransUnion's reporting that in, February 2023 [ ], this account was '30 days late' is directly contradicted by Equifax's reporting that, in February 2023 [ ], this account was [already] '60 Days Past Due.'" Ms. Plowden's disputes also listed her telephone number and email address and repeatedly requested TransUnion to contact her to investigate her disputes. Because Ms. Plowden repeatedly mailed her disputes to TransUnion, this Court must presume that TransUnion repeatedly received her disputes as "[t]here is a legal presumption that letters sent through the mail are received." *M.V. v. State*, 78 Misc. 3d 1037, 1046 (N.Y. Ct. Cl. 2022).

21)    However, Defendant TransUnion failed to even acknowledge having received Ms. Plowden's repeated disputes, failed to contact Ms. Plowden to investigate her repeated disputes and, upon information and belief, repeatedly failed to take any actions with respect to those disputes. Because Defendant TransUnion altogether failed to reinvestigate Ms. Plowden's repeated disputes, this Court is to presume that Defendant TransUnion's failure damaged Ms. Plowden. *See Norman v. TransUnion*, 18-5225 (E.D. Pa. April 11, 2023) ("when the [consumer reporting] agency performs no reinvestigation at all, requiring the consumer to prove the inaccuracy of their disputed items in the first instance would be inconsistent with the structure

FILED: BRONX COUNTY CLERK 06/19/2024 10:24 AM                    INDEX NO. 809881/2024E
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 06/19/2024

the FCRA, which squarely places the burden of determining accuracy on the credit reporting agency after a dispute has been lodged").

## Causes of Action.

### Count One – As to Defendant Capital One's Failure to Reasonably Investigate.

22)     The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the [ ] accuracy of any information provided by a person to a consumer reporting agency, the person shall [ ] conduct an investigation with respect to the disputed information." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient Solutions*, 16 cv 370 (W.D. Wis. September 13, 2017) (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a [furnisher] of a disputed debt, the [furnisher] must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

23)     Defendant Capital One negligently or willfully violated Subsection 1681s-2(b)(1)(A) by negligently or willfully failing to conduct a reasonable investigation with respect to information about Ms. Plowden that Defendant Capital One itself is reporting to a consumer reporting agency.

### Count Two – As to Capital One's Failure to Note Ms. Plowden's Dispute.

24)     The Fair Credit Reporting Act's Subsection 1681s–2(a)(3) is titled "Duty to Provide Notice of Dispute" and states that, "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed [ ], the person may not furnish the information to any consumer reporting agency without notice that such information is

FILED: BRONX COUNTY CLERK 06/19/2024 10:24 AM

NYSCEF DOC. NO. 1

INDEX NO. 809881/2024E

RECEIVED NYSCEF: 06/19/2024

disputed." Also, Subsection 1681s-2(b)(1)(D) states that, "[a]fter receiving notice [ ] of a dispute with regard to the [ ] accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation finds that the information is incomplete [ ], report those results." Hence, "[i]f a consumer disputes the accuracy of credit information, the FCRA [at Subsection 1681s-2(b)(1)(D)] requires furnishers to report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147, 1162 (9th Cir. 2009). Further, "after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt without any notation of the dispute presents a cognizable claim under § 1681s-2(b)." *Id.* (citing *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 150 (4th Cir. 2008)).

25)    Defendant Capital One negligently or willfully violated Subsection 1681s-2(b)(1)(D) by negligently or willfully reporting its information about Ms. Plowden to a consumer reporting agency without notating that Ms. Plowden is disputing that information.

Count Three – As to Defendant Equifax's Failure to Reasonably Reinvestigate.

26)    The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency[, ] the agency shall [ ] conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

27)    Defendant Equifax negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into its own files' information regarding Ms. Plowden that is being reported by Capital One.

FILED: BRONX COUNTY CLERK 06/19/2024 10:24 AM

NYSCEF DOC. NO. 1

INDEX NO. 809881/2024E

RECEIVED NYSCEF: 06/19/2024

<u>Count Four – As to Defendant TransUnion's Failure to Reasonably Reinvestigate.</u>

28)    The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency[, ] the agency shall [ ] conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

29)    Defendant TransUnion negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into its own files' information regarding Ms. Plowden that is being reported by Capital One.

<strong><u>Prayer for Relief.</u></strong>

WHEREFORE, Plaintiff Makaylah Plowden respectfully prays that this Honorable Court will hold a trial by jury and that this Court will enter judgment in her favor (and against the Defendants) for her statutory damages, her reasonable attorney's fees and costs, and for punitive damages.

Respectfully submitted,
Plaintiff Makaylah Plowden's Counsel
Paúl Camarena
*/s/ Paúl Camarena*
Paúl Camarena, Esq.
540 Court St., No. 4015
Brooklyn, NY 11231
(312) 493-7494
paulcamarena@paulcamarena.com
NY Atty No: 3991981



PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM





DJABIP1    23219