```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MAKAYLAH C. PLOWDEN,

                        Plaintiff,

        -against-                                          24 Civ. 5866 (AT)

CAPITAL ONE, N.A., and EQUIFAX INFORMATION                 **ORDER**
SERVICES L.L.C.,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/24/2024__

ANALISA TORRES, United States District Judge:

      Plaintiff, Makaylah C. Plowden, brings this action against Defendants, Capital One, N.A. ("Capital One") and Equifax Information Services L.L.C. ("Equifax"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Compl., ECF No. 1-1. Plaintiff initially filed her suit in Supreme Court, Bronx County. *Id.* Soon after, Capital One removed the action to this Court, and Equifax consented to removal. ECF Nos. 1, 14. Plaintiff now moves to remand, arguing that this Court lacks subject matter jurisdiction. *See* Mot. at 1, ECF No. 17. For the reasons stated below, her motion is GRANTED.

      A civil action brought in state court "over which 'the district courts of the United States have original jurisdiction' may be removed to federal court." *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 912 (2d Cir. 2024) (quoting 28 U.S.C. § 1441(a)). However, if the federal court determines at any point before final judgment that it lacks subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). For subject matter jurisdiction to lie, a plaintiff must have standing under Article III of the Constitution, which requires that she demonstrate an "injury in fact" that is concrete and particularized. *Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The Supreme Court has determined that an injury is sufficiently concrete for standing purposes only when it possesses a "close historical or common-law analogue." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021).

      Defendants contend that "i[t] is clear on the face of Plaintiff's [c]omplaint" that she has standing to bring her FCRA claim in federal court and, therefore, that removal was proper. Def. Mem. at 4, ECF No. 23. Plaintiff contends that she has not alleged a cognizable Article III injury and does not plan to, so remand is appropriate.

      Specifically, the complaint alleges that her suit "may not appropriately be brought in a United States district court because [Plaintiff] does not allege the particular type of injury required by Article III." Compl. ¶ 4. True to her word, Plaintiff does not allege a constitutionally cognizable injury. *See Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 271 (E.D.N.Y. 2022) ("If [Plaintiff] wants to plead [her]self out of Article III jurisdiction by failing to allege a concrete injury, it is not that hard."). Although Defendants' alleged conduct may have violated FCRA, the only resulting injury Plaintiff describes in her complaint is a lowered

credit score.  Compl. ¶¶ 17, 19.  And the Second Circuit has held that a lowered credit score, without more, does not suffice to confer standing.  *See Maddox*, 19 F.4th at 65; *see also Manzano v. Trans Union (of Del.) LLC*, No. 23 Civ. 5990, 2024 WL 3194091, at *6 (S.D.N.Y. June 27, 2024), *adopted*, 2024 WL 3567704 (S.D.N.Y. July 29, 2024).

     Plaintiff's motion is, therefore, GRANTED.  This case is REMANDED to Supreme Court, Bronx County.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 17.

     SO ORDERED.

Dated: October 24, 2024
       New York, New York

ANALISA TORRES
United States District Judge